A. Justin Lum (SBN: 164882)
**LUM LAW GROUP**
1005 E. Colorado Blvd., #207
Pasadena, CA 91106
Phone: (626) 795-8886
Facsimile: (626) 795-8836
*Lead Counsel*

Cindy Tran, Esq. (SBN: 228214)
**CNT LAW GROUP**
8806 E. Las Tunas Drive
San Gabriel, CA 91776
Phone: (626) 788-2687
Facsimile: (626) 788-9053
*Co-Counsel*

**Attorneys for *Plaintiff*,**
LAMONTE SIMS AKA DUSE M$

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONTE SIMS, an individual, aka Duse M$;<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware Corporation; YOUTUBE, LLC, a Delaware Corporation; SOUNDCLOUD INC, a Delaware Corporation; and DOES 1 THROUGH 50, inclusive;<br><br>Defendants. | Case No.: 20-cv-4389<br><br>**COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT; AND**<br><br>**2. REMOVAL/ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION** |

**COMPLAINT**  1

Plaintiff LaMonte Sims aka Duse M$ ("Plaintiff" or "LaMonte") alleges the following:

## JURISDICTION AND VENUE

1. The Court has original jurisdiction of this action, pursuant to 17 U.S.C. §§ 501, *et seq.*, and 28 U.S.C. § 1338(a).

2. Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the claims occurred in this judicial district, and under 28 U.S.C. § 1400(b) in that it is a judicial district where Defendants have committed acts of copyright infringement and had a regular and established place of business. All Defendants solicit, transact, are doing business within the State of California, and have committed unlawful and tortuous acts both within and outside the State of California causing injury in the State of California. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendants.

## PARTIES

3. Plaintiff LaMonte Sims aka Duse M$ is, and was, at all relevant times, an individual, residing in the County of Los Angeles, in the State of California.

4. Defendant Amazon.com, Inc. ("Amazon") is, and was, at all relevant times, a Delaware corporation, having a principal office in Washington, and doing business throughout the United States.

5. Defendant YouTube, LLC ("YouTube") is, and was, at all relevant times, a Delaware corporation, having headquarters in the County of San Mateo, in the State of California.

6. Defendant SoundCloud Inc ("SoundCloud"), is, and was, at all relevant times, a Delaware corporation, having a principal executive office in New York, having a business office in the County of Los Angeles, in the State of California.

7. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and

capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants are indebted to Plaintiff as herein alleged, and that Plaintiff's rights against such fictitiously named Defendants arise from such indebtedness.

8. Plaintiff is informed and believes, and on that basis, alleges that each of the Defendants was, at all relevant times, the agent, employee, partner, and/or representative of one or more of the Defendants and was acting within the scope of such relationship. Plaintiff is further informed and believes that each Defendant herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants.

## FACTUAL ALLEGATIONS

9. At all times relevant hereto, Plaintiff has been and still is the holder of the exclusive rights under the Copyright Act of 1976 (17 U.S.C. §§ 101 *et seq.*, and all amendments thereto) ("Copyright Act") to reproduce, distribute, display, or license the reproduction, distribution, and/or display of the song "Hit Yo Brimin" ("Work"), which is the subject of this action throughout the United States.

10. Plaintiff wrote and authored the song, incorporating the music and lyrics of the Work, in or about 2012.

11. The Work was published in the form of a video on or about January 26, 2013 on the website, YouTube.com.

12. Plaintiff obtained a Copyright Registration No. PA0002086798 on September 9, 2016 ("Copyright Registration") for the Work. Attached as **Exhibit A** is a true and correct copy of the Copyright Registration.

13. In or about 2018, Plaintiff contacted Defendants regarding the unauthorized use of the Work when Plaintiff discovered the Work was being distributed and duplicated without his consent.

14. Defendants, without authorization, copied, distributed and/or publicly displayed the Work owned by and registered to Plaintiff and profited financially from said unauthorized use.

//

15. Despite Plaintiff's request, Defendants not only failed to remove their infringing material from their page, but ignored Plaintiff completely, failing to even offer him attribution or credit.

16. As of the date of filing of this Complaint, Defendants, still without authorization, copied, distributed, and/or publicly displayed the Work owned by and registered to Plaintiff and profited financially from said unauthorized use.

17. Defendants' wrongful actions caused Plaintiff severe distress. The experience detracted from Plaintiff's experience of sharing his work both psychologically and economically. Due to Defendants' wrongful acts, Plaintiff had to focus all of his efforts on dealing with his work being taken, copied, and used without his permission.

18. In copying his work, Defendants willfully and intentionally sought to appropriate Plaintiff's hard work for their own profit without bearing the cost thereof. The time commitment of developing the song, music and lyrics included, coupled with the time cost of photographing and videoing, was a substantial investment for Plaintiff. Defendants sought to realize the same profit without investing the same amount of time, money, and creative thought, and to take away profits from Plaintiff that he would have realized but for their wrongful acts.

19. The Work is an original work, copyrightable under the Copyright Act. Plaintiff has applied for a copyright registration from the Copyright Office. The registration number for the Work is set forth in **Exhibit A**. Thus, Plaintiff has the exclusive rights and privileges to reproduce, distribute, and display the Work.

20. Plaintiff has never authorized any of the Defendants, by license or otherwise, to copy, reproduce, distribute, or display any of the copyrighted material from the Work, nor to prepare derivative works based on the Work.

21. Defendants infringed Plaintiff's exclusive rights of the Work by copying, reproducing, duplicating, distributing, and displaying it and/or derivative works derived therefrom without Plaintiff's permission.

22. Each infringing copy, duplication, sale, license, or display of the Work, as well as the threat of continuing the same, constitutes a separate claim against Defendants under the Copyright Act. Plaintiff has sustained, and will continue to sustain, substantial damages to the value of his copyright in that the previously described activities of Defendants have diminished and will continue to diminish the revenues that Plaintiff would otherwise receive. In addition, Defendants have realized unlawful and unjust profits from their unauthorized and illegal copying, duplication, distribution, and display of copies of the Work.

23. Defendants continue to infringe the copyrights listed on **Exhibit A** and unless temporarily, preliminarily, and permanently enjoined by order of this Court, will continue to infringe said copyrights, all to Plaintiff's irreparable injury. As a result of Defendants' acts of infringement, Plaintiff is without an adequate remedy at all in that damages are difficult to ascertain and, unless injunctive relief is granted as prayed for herein, Plaintiff will be required to pursue a multiplicity of actions.

24. As a direct result of the conduct of Defendants, Plaintiff has suffered, and continues to suffer, damages in an amount to be determined, including, but not limited to, damage to his music reputation. Plaintiff was unable to realize profit from his work preparing the Work, as attention for his Work was overshadowed by the unauthorized copying of Defendants and use of their overwhelming corporate presence to take away from Plaintiff's own efforts.

25. Defendants have committed all of the aforesaid acts deliberately, willfully, maliciously, and oppressively, without regard to Plaintiff's proprietary rights.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
(Plaintiff Against All Defendants)

26. Plaintiff refers to paragraphs 1 through 25 of this Complaint and incorporates them by reference, as if the same were set forth herein in their entirety.

//

27. At all times relevant hereto, Plaintiff has been the producer and owner of the Work reproduced, distributed and publicly displayed by Defendants through various websites, including, without limitation: Amazon.com, YouTube.com.

28. Plaintiff registered the Work with the United States Copyright Office on September 9, 2016.

29. Without authorization, Defendants reproduced and distributed the Work on their corresponding websites operated by the Defendants. Defendants infringed the copyright in Plaintiff's creative Work by reproducing, distributing and/or publicly displaying the Work by and through various websites without proper approval or authorization of Plaintiff.

30. Defendants knew their acts constituted copyright infringement.

31. Defendants' conduct was willful within the meaning of the Copyright Act.

32. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including, but not limited to, damage to his music reputation.

33. Plaintiff is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of its wrongful conduct pursuant to 17 U.S.C. § 504. Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c)(2).

34. Plaintiff is entitled to recover his attorneys' fees and costs of suits pursuant to 17 U.S.C. § 505.

### SECOND CAUSE OF ACTION
### REMOVAL/ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION
(Plaintiff Against All Defendants)

35. Plaintiff refers to paragraphs 1 through 34 of this Complaint and incorporates them by reference, as if the same were set forth herein in their entirety.

//

36. Plaintiff displayed his name or other identifying information on his Work on websites and web services, including http://www.spotify.com/, as shown in the attached **Exhibit B**. Plaintiff therefore publicly identified himself as the rightful author and copyright owner of the Work, in the traditional way that authors sign their works. This signature and other identifying information present constitutes "copyright management information" as defined under, *inter alia*, 17 U.S.C. §§ 1202(c)(2) & (3).

37. Defendants removed Plaintiff's name or other identifying information on the Work, and, as such, knowingly removed copyright management information with the intent to induce, enable, facilitate and/or conceal infringement of Plaintiff's copyright in violation of 17 U.S.C. §§ 1202(b)(1) & (2).

38. Defendants' intentionally modified the Work and, in unlawfully using an unlawful derivative of the Work, intentionally removed Plaintiff's name or other identifying information in the rendition of the Work and then distributed publicly a copy of the Work that lacked Plaintiff's name or identifying information, knowing that standard copyright information of the author as depicted in the Work had been removed in the unlawful derivative version of the Work and knowing or having reasonable grounds to know that such removal/alteration would induce, enable, facilitate or conceal infringement of copyrights, in violation of 17 U.S.C. §§ 1202(b)(1)-(3).

39. Defendants' removal and alteration of copyright management information of the Work and subsequent distribution of the photos with said removed and altered copyright management information was, and is, willful and intentional, and was, and is, executed with full knowledge of Plaintiff's rights under copyright law and in disregard of Plaintiff's rights.

40. Plaintiff is entitled to recover his actual damages suffered as a result of the violation and any profits of Defendants attributable to the violation and not taken into account in computing actual damages, or, at Plaintiff's election, statutory damages pursuant to 17 U.S.C. § 1203(c), of up to $25,000 per act of removal and/or alteration.

41.     Plaintiff is entitled to recover costs and attorneys' fees from Defendants pursuant to 17 U.S.C. §§ 1203(b)(4) & (5).

42.     Defendants' violation of 17 U.S.C. §12020(b) has caused, and, unless restrained by this Court, will continue to cause irreparable injury to Plaintiff not fully compensable in monetary damages.

43.     Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendants from further such violations pursuant to 17 U.S.C. § 1203.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, as follows:

1. For a judgment against Defendants that they have willfully infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501;

2. For an Order permanently enjoining Defendants, their officers, agents, employees, representatives, servants, attorneys, successors and assigns, and all others in active concert or conspiracy with them, temporarily during the pendency of this action and permanently thereafter from:

    a. Infringing or contributing to, or participating in the infringement by others, the copyright in the Work or acting in concert with, aiding abetting others to infringe said copyright in any way;

    b. Copying, duplicating, selling, licensing, displaying, distributing, or otherwise using without authorization, copies of the work to which Plaintiff is the owner of exclusive rights under the respective copyrights or derivative works based thereon;

3. For an Order to enter the impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of Plaintiff's Work, which as in Defendants' possession or under its control;

4. For an Order of Defendants to pay Plaintiff's general, special, actual and statutory damages as follows:

     a.    Plaintiff damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Plaintiff's copyrights;

5. For an Order of Defendants to pay for punitive and exemplary damages in an amount to punish Defendants and to deter others from engaging in similar misconduct;

6. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement and removal/alternation of the copyright management information to reimburse Plaintiff for all damages suffered by Plaintiff by reasons of Defendants' acts, pursuant to 17 U.S.C §§ 504(a)(1) & (b) and 1203(c)(2).

7. For costs and interest pursuant to 17 U.S.C. §§ 504(a)(1) & (b), 505, and 1203(b)(4) or as otherwise provided by law;

8. For an award of reasonable attorneys' fees incurred in prosecuting this action pursuant to 17 U.S.C. §§ 505 and 1203(b)(5); and

9. For an award or pre-judgment interest and post-judgment interest in the maximum amount permitted by law;

10. For such other and further relief as the Court may deem just and proper.

DATED: May 14, 2020

**LUM LAW GROUP**

/s/ A. Justin Lum
_____
A. Justin Lum, Esq.

**CNT LAW GROUP**

/s/ Cindy Tran
_____
Cindy Tran, Esq.

*Attorneys for Plaintiff, LAMONTE SIMS*

**COMPLAINT**    9

1     *Filers Attestation:* Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

**COMPLAINT**      10