VICTOR JIH (S.B. No. 186515)
vjih@wsgr.com
RUSSELL L. KOSTELAK (*pro hac vice* forthcoming)
rkostelak@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

*Attorneys for Defendant*
*YouTube LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONTE SIMS,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., el al.,<br><br>Defendants. | CASE NO.: 2:20-cv-04389-FLA-AS<br><br>**DEFENDANT YOUTUBE LLC'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Date: April 30, 2021<br>Time: 1:30 pm<br>Crtrm: Courtroom 6B |

# TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 1

II. FACTUAL BACKGROUND .......... 2

A. Plaintiff Writes The Song "Hit Yo Brimin." .......... 2

B. The Music Video Is Released On YouTube. .......... 3

C. Plaintiff Registers For A Copyright And Later Claims Infringement. .......... 3

III. THE FIRST CAUSE OF ACTION FOR INFRINGEMENT FAILS TO STATE A CLAIM WITH RESPECT TO STATUTORY DAMAGES, ATTORNEYS' FEES AND PUNITIVE DAMAGES. .......... 4

A. Plaintiff Cannot Recover Statutory Damages Or Attorneys' Fees Because He Did Not Timely Register His Copyright. .......... 5

B. Plaintiff Cannot Recover Punitive Or Exemplary Damages Because They Are Not Available For Copyright Infringement. .......... 6

IV. THE SECOND CAUSE OF ACTION FAILS TO STATE A CLAIM FOR THE REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION UNDER THE DMCA. .......... 7

A. Section 1202(b) Does Not Apply To The Unauthorized Creation And Distribution Of Derivative Works. .......... 8

B. Plaintiff Does Not Allege That YouTube Removed Any CMI From Plaintiff's Copyrighted Work. .......... 9

C. Plaintiff Fails To Sufficiently Plead That YouTube Distributed The Allegedly Infringing Video With The Requisite Scienter. .......... 10

V. CONCLUSION .......... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 .......... 7

*Chevrestt v. Am. Media, Inc.*, 204 F. Supp. 3d 629 (S.D.N.Y. 2016) .......... 11

*Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696 (9th Cir. 2008) .......... 5, 6

*Energy Intelligence Grp. Inc. v. Kayne Anderson Capital Advisors, L.P.*, 948 F.3d 261 (5th Cir. 2020) .......... 8

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) .......... 4

*Faulkner Press, L.L.C. v. Class Notes, L.L.C.*, 756 F. Supp. 2d 1352 (N.D. Fla. 2010) .......... 8

*Fischer v. Forrest*, 286 F. Supp. 3d 590 (S.D.N.Y. 2018) .......... 9

*Frost-Tsuji Architects v. Highway Inn, Inc.*, 2015 WL 263556 (D. Haw. Jan. 21, 2015), *aff'd*, 700 F. App'x 674 (9th Cir. 2017) .......... 9

*Gardner v. CafePress Inc.*, 2014 WL 794216 (S.D. Cal. Feb. 26, 2014) .......... 5

*Kirk Kara Corp. v. Western Stone and Metal Grp.*, 2020 WL 5991503 (C.D. Cal. Aug. 14, 2020) .......... 8, 9

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025 (9th Cir. 2008) .......... 7

*Mills v. Netflix, Inc.*, 2020 WL 548558 (C.D. Cal. Feb. 3, 2020) .......... 10

*Miss Global Org. LLC v. Mak*, 2018 WL 6133667 (C.D. Cal. Oct. 1, 2018) .......... 6, 7

*Murphy v. Millennium Radio Group LLC*, 650 F.3d 295 (3d Cir. 2011) .......... 8

*Pallen Martial Arts, LLC v. Shir Martial Arts, LLC*, 2014 WL 2191378 (N.D. Cal. May 23, 2014) .......... 4

*Philpot v. Alternet Media, Inc.*, 2018 WL 6267876 (N.D. Cal. Nov. 30, 2018) .......... 11

*Por Los Rios, Inc. v. Lions Gate Entm't, Inc.*, 2014 WL 12605374 (C.D. Cal. May 21, 2014) .......... 5, 6

*Reinicke v. Creative Empire, LLC*, 2013 WL 275900 (S.D. Cal. Jan. 24, 2013) .......... 6

*Smith v. Weeknd*, 2019 WL 6998666 (C.D. Cal. Aug. 23, 2019) .......... 5, 6

*Stevens v. Corelogic, Inc.*, 899 F.3d 666 (9th Cir. 2018) .......... 11

*Whittlestone, Inc. v. Handi-Craft Co.* 618 F.3d 970, 974 (9th Cir. 2010) .......... 4

**Statutes**

17 U.S.C. § 412 .......... 5

17 U.S.C. § 502 .......... 6

17 U.S.C. § 503 .......... 6

17 U.S.C. § 504 .......... 1, 6

17 U.S.C. § 505 .......... 1, 6

17 U.S.C. § 1202 .......... 1

17 U.S.C. § 1202(b) .......... *passim*

17 U.S.C. § 1202(c) .......... 7

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE that on Friday, April 30, 2021, at 1:30 pm, or as soon thereafter as this matter can be heard before the Honorable Fernando L. Aenlle-Rocha of the United States District Court for the Central District of California, Courtroom 6B, located at 350 West 1st Street, Los Angeles, CA 90012, Defendant YouTube LLC will, and hereby does, move this Court to dismiss the claims in the Complaint by Plaintiff Lamonte Sims as follows:

1. An order dismissing Plaintiff's claims for statutory damages under 17 U.S.C. § 504(c), attorneys' fees under 17 U.S.C. § 505, and punitive damages (*see* ¶¶ 33, 34, Prayer for Relief 4, 4a, 5, 8);

2. An order dismissing Plaintiff's second cause of action for the unlawful removal/alteration of copyright management information under 17 U.S.C. § 1202 of the Digital Millennium Copyright Act.

This motion is made pursuant to the Federal Rules of Civil Procedure 12(b)(6), and is based on the Notice of Motion and Motion, the Memorandum of Points and Authorities, and all files and pleadings in this action and any other matter that may properly come before the Court at or before the hearing on this matter.

This motion is made following a series of conferences between counsel from February 22, 2021 through March 26, 2021, during which the parties discussed the various issues raised in the motion. Thus, this motion is made following numerous conferences of counsel pursuant to Local Rule 7-3, which took place before, on, and continued after March 22, 2021 (seven days before the filing of this motion).

Dated: March 29, 2021

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Victor Jih*
Victor Jih
Counsel for Defendant YOUTUBE LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This case concerns the online distribution of the music video for the song "Hit Yo Brimin" by Plaintiff Lamonte Sims on various internet platforms, including Amazon, SoundCloud, and YouTube. Even though it was identified as the "Official" music video when it was uploaded in 2013, even though Plaintiff himself performs in it, and even though the video was available on the internet for five years without any objection, Plaintiff claims that the internet distribution was not authorized. He asserts a claim for infringement of his copyright in the underlying musical composition, and demands "general, special, actual and statutory damages" as well as "punitive and exemplary damages" from YouTube. Complaint [Dkt 1] at 8-9.

YouTube has taken down the video, even though the circumstances surrounding its creation, who uploaded it, and whether it was authorized or not remains a mystery. YouTube has also shared with Plaintiff the amount of advertising revenue associated with the video, which was negligible. Despite all indications of a de minimis claim, Plaintiff stakes the prospect of a windfall recovery on (1) his prayer for statutory damages, attorneys' fees, and punitive damages under the Copyright Act; and (2) his attempt to recast a copyright infringement claim as a violation of the Digital Millennium Copyright Act ("DMCA"). Neither is legally viable.

First, Plaintiff cannot seek statutory damages, attorneys' fees or punitive damages for copyright infringement. The Copyright Act disallows statutory damages and attorneys' fees if an owner fails to register the copyright before the alleged infringement commences. Here, the Complaint concedes that Plaintiff did not register his copyright until September 9, 2016—almost four years after the allegedly infringing video was uploaded to YouTube on January 26, 2013. It is also well-settled that punitive damages are not available for copyright infringement.

Second, 17 U.S.C. § 1202(b) does not apply. That provision is triggered when someone removes or alters the copyright management information ("CMI"), such as a watermark, from a work and then, with illicit intent, distributes that work without the information. It does not apply to the creation or distribution of a separate, derivative work, even if that work does not carry the supposed CMI. CMI must be removed from a copyrighted work itself, but Plaintiff admits there was no CMI in or on his musical composition. Rather, his name and the title of the work, what Plaintiff calls CMI, was displayed on websites owned by third-parties like Spotify. The distribution of the composition in a different context does not constitute removal of CMI for Section 1202(b) purposes. Finally, even if YouTube had removed CMI from Plaintiff's composition, Plaintiff must allege that it did so with scienter – knowing or having reason to know that the removal would foment copyright infringement. Plaintiff offers only conclusory allegations, with no supporting facts, in this regard. Thus, Plaintiff also fails to sufficiently plead scienter.

YouTube requests that the Court dismiss these claims. What should remain is only a single claim for actual damages and/or profits for copyright infringement. While YouTube disputes both liability and the existence of any damage for that remaining claim as well, it will address those very limited factual issues at a later juncture.

## II. FACTUAL BACKGROUND

### A. Plaintiff Writes The Song "Hit Yo Brimin."

Plaintiff Lamonte Sims co-wrote and claims to own the copyright to the musical composition for a song entitled "Hit Yo Brimin" in 2012. Complaint ¶¶ 10, 12. He released the song on various "websites and webservices" like Spotify.com, where he displayed his name alongside the work "in the traditional way that authors sign their works." *Id.* ¶ 36; *id.* at Ex. B.

A music video was made for "Hit Yo Brimin." Plaintiff claims the music video was never authorized, even though Plaintiff himself is featured performing the

song in the video. The Complaint admits Plaintiff spent "a substantial investment" in terms of "the time cost of photographing and videoing." Complaint ¶ 18. According to Plaintiff, "Defendants . . . removed Plaintiff's name or other identifying information in the rendition of the Work and then distributed publicly a copy of the Work that lacked Plaintiff's name or identifying information." *Id.* ¶ 38. Plaintiff does not identify which defendant—whether Amazon, SoundCloud, YouTube, or one of the many unidentified Doe Defendants—created the video and supposedly removed CMI.

**B. The Music Video Is Released On YouTube.**

YouTube operates a website that serves as an online platform where users can upload and publicly display videos. *See* Complaint ¶ 27. People around the world disseminate videos on their YouTube channels, including many music videos.

On January 26, 2013, the music video for "Hit Yo Brimin" was uploaded to YouTube's website. Complaint ¶ 11. Plaintiff does not identify who he believes uploaded the music video or why the video was released on YouTube's platform. Plaintiff alleges that he was unaware that the music video was uploaded onto YouTube and that he never authorized the distribution of the video. *Id.* ¶¶ 13, 20. The video remained available on YouTube for years before Plaintiff made any objection or claimed that it was unauthorized. *Id.* ¶ 13.

**C. Plaintiff Registers For A Copyright And Later Claims Infringement.**

While Plaintiff wrote the composition for "Hit Yo Brimin" in 2012, Plaintiff did not register his copyright at that time. Nor was the copyright registered by 2013, when the music video at issue embodying the composition was released on YouTube. Plaintiff did not obtain the copyright registration for the song until September 9, 2016, almost four years after the video was released on YouTube. Complaint ¶ 12. The registration lists Plaintiff as the author of the

lyrics. *Id.* at Ex. A. It lists Plaintiff and Frank Jones as the coauthors of the music. *Id.*

Plaintiff claims to have discovered the music video on YouTube in 2018. Complaint at ¶ 13. Plaintiff alleges he contacted YouTube with a takedown request at that time, but the video was not removed until much later. *Id.* at ¶¶ 13, 15. YouTube is still investigating those alleged takedown requests by Plaintiff.

Plaintiff filed the present action on May 14, 2020, naming as defendants Amazon.com, Inc., SoundCloud Inc., and YouTube. Dkt. No. 1. Plaintiff never served Amazon or SoundCloud and they were dismissed for lack of prosecution. Dkt. No. 19. YouTube was served and files this motion as its response.

## III. THE FIRST CAUSE OF ACTION FOR INFRINGEMENT FAILS TO STATE A CLAIM WITH RESPECT TO STATUTORY DAMAGES, ATTORNEYS' FEES AND PUNITIVE DAMAGES.

Federal Rule of Civil Procedure 12(b)(b) is the appropriate vehicle for dismissing remedies that are precluded as a matter of law. In *Whittlestone, Inc. v. Handi-Craft Co.*, the Ninth Circuit determined that a defendant's efforts to eliminate prayers for damages that are not recoverable are "better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion." 618 F.3d 970, 974 (9th Cir. 2010); *see also Pallen Martial Arts, LLC v. Shir Martial Arts, LLC*, 2014 WL 2191378, at *8 (N.D. Cal. May 23, 2014) (identifying Rule 12(b)(6) as the way to review availability of copyright remedies sought).

It is appropriate to resolve these issues now, at the pleading stage, "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

**A. Plaintiff Cannot Recover Statutory Damages Or Attorneys' Fees Because He Did Not Timely Register His Copyright.**

Section 412(2) of the Copyright Act states that "no award of statutory damages or of attorney's fees . . . shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412(2). Congress enacted this rule for two purposes: (1) to provide copyright owners with an incentive to register their copyrights promptly; and (2) to encourage potential infringers to check the Copyright Office's database. *Derek Andrew, Inc v. Poof Apparel Corp.*, 528 F.3d 696, 700 (9th Cir. 2008).

This prohibition on statutory damages and attorneys' fees is a legislative "mandate," leaving "no room for discretion" by the courts. *Derek Andrew, Inc.*, 528 F.3d at 699. Courts are "strict in determining when an infringement commenced, and statutory damages and attorney's fees cannot be recovered without a timely registration, regardless of alleged continuing or reoccurring infringements." *Por Los Rios, Inc. v. Lions Gate Entm't, Inc.*, 2014 WL 12605374, at *3 (C.D. Cal. May 21, 2014).

Plaintiff's failure to timely register his copyright is shown from his own allegations. The allegedly infringing video was released on YouTube on January 26, 2013, and was available there until YouTube took it down in response to Plaintiff's allegations. Complaint ¶¶ 11, 29. The alleged infringement therefore commenced on January 26, 2013. Plaintiff did not obtain a copyright registration until September 9, 2016. *Id.* ¶ 12; *see Gardner v. CafePress Inc.*, 2014 WL 794216, at *9-10 (S.D. Cal. Feb. 26, 2014) (upload and sale of image on website prior to registration triggers application of 17 U.S.C. § 412(2)).

Statutory damages and attorneys' fees are thus unavailable to Plaintiff as a matter of law. *See Smith v. Weeknd*, 2019 WL 6998666, at *7 (C.D. Cal. Aug. 23,

2019) (dismissing prayers for statutory damages and attorneys' fees under Rule 12(b)(6) when the first date of infringement commenced before the issuance of the plaintiff's copyright registration). While Plaintiff alleges that infringement has been ongoing since the copyright registration date (Complaint ¶ 16), the fact remains that the allegedly continuing infringement commenced years before Plaintiff registered his copyright. *See Derek Andrew, Inc.*, 528 F.3d at 700-01 ("Every court to consider the issue has held that 'infringement commences' for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs."); *Por Los Rios, Inc.*, 2014 WL 12605374 at *3 ("If the 'infringement on which suit is based commenced prior to registration, enhanced damages are barred even if the infringement continues past the date of registration.'"). Plaintiff's prayer for statutory damages and attorneys' fees must therefore be dismissed.

**B. Plaintiff Cannot Recover Punitive Or Exemplary Damages Because They Are Not Available For Copyright Infringement.**

The Copyright Act sets forth the remedies available to a copyright owner who files a civil action for infringement. *See* 17 U.S.C. §§ 502 (injunction), 503 (impounding), 504 (actual damages, profits, statutory damages), 505 (costs and attorneys' fees). The list never mentions punitive or exemplary damages. As such, courts have held that such damages are not available as a matter of law for claims of copyright infringement. *See Smith v. Weeknd*, 2019 WL 6998666, at *6 (C.D. Cal. Aug. 23, 2019); *Reinicke v. Creative Empire, LLC*, 2013 WL 275900, at *5 (S.D. Cal. Jan. 24, 2013) ("Numerous district court cases in the Ninth Circuit" have held that punitive damages are not available under the Copyright Act.).

Plaintiff's prayer includes a request that YouTube "pay for punitive and exemplary damages." Complaint at 9. Because the Copyright Act does not permit such punitive damages, this prayer for relief should also be dismissed from the Complaint now. *See Miss Global Org. LLC v. Mak*, 2018 WL 6133667, at *8 (C.D.

Cal. Oct. 1, 2018) (dismissing with prejudice under Rule 12(b)(6) a copyright infringement claim to the extent it seeks punitive damages).

## IV. THE SECOND CAUSE OF ACTION FAILS TO STATE A CLAIM FOR THE REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION UNDER THE DMCA.

Plaintiff's second cause of action is brought under Section 1202(b) of the Copyright Act, which concerns the improper alteration and removal of copyright management information ("CMI") for a work. CMI is "information conveyed in connection with copies . . . or displays of the work," including "[t]he name of . . . the author of a work" and "[t]he name of . . . the copyright owner of the work." 17 U.S.C. § 1202(c)(2), (3). Plaintiff attempts to state a Section 1202(b) claim by arguing that the title and artist listings on services like Spotify that accompanied the public release of his song constitute CMI and that unspecified "Defendants" must have removed that information from those authorized copies of the song when creating the infringing music video. Complaint ¶ 37.

Whether Plaintiff's allegations sufficiently state a violation of Section 1202(b) is a question of law that the Court can also resolve by means of a Rule 12(b)(6) motion. The Court can dismiss a cause of action for failing to state a claim upon which any form of relief can be granted. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008). In ruling on such a motion, the Court need not accept as true conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To avoid dismissal, a plaintiff's well-pleaded "[f]actual allegations must be enough to raise a right to relief above a speculative level." *Iqbal*, 556 U.S. at 663.

Plaintiff's 1202(b) claim fails as a matter of law for three reasons that are apparent from the pleadings: first, Section 1202(b) does not apply to derivative works, and the law does not permit Plaintiff's attempt to turn an ordinary infringement claim into a DMCA violation; second, Section 1202(b) does not apply

unless CMI is altered or removed from the copyrighted work itself, which is not what Plaintiff alleges; and third, the law requires specific factual allegations of scienter before Plaintiff can proceed with the claim.

**A. Section 1202(b) Does Not Apply To The Unauthorized Creation And Distribution Of Derivative Works.**

The paradigm Section 1202(b) scenario concerns a defendant who is making unauthorized copies of a plaintiff's copyrighted work but alters or removes the CMI in that work. In other words, the defendant is attempting to exploit a plaintiff's work by concealing authorship or ownership of the work. Thus, Section 1202(b) is violated if a defendant distributes copies of someone else's work after removing the author's name from those copies. *See, e.g., Energy Intelligence Grp. Inc. v. Kayne Anderson Capital Advisors, L.P.*, 948 F.3d 261, 276-77 (5th Cir. 2020). It is also violated when a defendant scans a copy of a magazine photograph, removes the photographer's credit, and distributes copies on its website. *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 299 (3d Cir. 2011).

Section 1202(b) does not, however, apply to derivative works. *See Kirk Kara Corp. v. Western Stone and Metal Grp.*, 2020 WL 5991503, at *6 (C.D. Cal. Aug. 14, 2020) (Section 1202(b) applies when the defendant's unauthorized work is "identical" to plaintiff's copyrighted work). It does not apply when the original work is "copied into a different form and then incorporated" into a new work. *See Faulkner Press, L.L.C. v. Class Notes, L.L.C.*, 756 F. Supp. 2d 1352, 1359 (N.D. Fla. 2010).

This rule not only helps prevent the conversion of every ordinary infringement claim into a CMI claim, but it also flows from the statutory language itself. Any CMI that may be removed or altered in the creation of a derivative work is, by definition, CMI for the original work and not CMI of the derivative work. Plaintiff may have a basis for wanting attribution to acknowledge any contribution, but this interest does not fit within Section 1202(b).

Thus, courts have held that removing the original author's name in creating a derivative work does not violate Section 1202(b). *Fischer v. Forrest*, 286 F. Supp. 3d 590, 608-10 (S.D.N.Y. 2018). For example, sending CAD drawings without including the CMI of the work it was derived from does not state a 1202(b) claim, because "basing a design on [the plaintiff's] work was not the same as removing copyright management information from an original copyrighted work." *Frost-Tsuji Architects v. Highway Inn, Inc.*, 2015 WL 263556, at *2 (D. Haw. Jan. 21, 2015), *aff'd*, 700 F. App'x 674 (9th Cir. 2017); *see also Kirk Kara*, 2020 WL 5991503, at *6 (no Section 1202(b) claim for similar, but not identical, works).

Plaintiff readily concedes that the music video at issue here is "an unlawful derivative of the Work." Complaint ¶ 38. There is no allegation that any CMI was provided for the derivative work. Plaintiff does argue that he should have received some attribution to recognize this authorship of the original song, but that would be an argument for the *creation* of CMI. Section 1202(b), though, would only apply if the music video was actually accompanied by CMI and was somehow improperly removed or altered. Plaintiff, of course, can argue that the derivative work is infringing. But he cannot, however, state a claim alleging CMI was removed from the video.

### B. Plaintiff Does Not Allege That YouTube Removed Any CMI From Plaintiff's Copyrighted Work.

As noted, Plaintiff's allegations about the supposed removal of CMI from his work are vague. He does not say which one of the named or Doe Defendants was responsible for the alleged removal. That, in itself, is grounds for dismissing the claim against YouTube under Section 1202(b)(1), as YouTube can only be liable for removals that it effectuated itself. *See* 17 U.S.C. § 1202(b)(1).[1]

[1] And even if Plaintiff claims that YouTube distributed the video knowing that CMI had been removed, *see* 17 U.S.C. § 1202(b)(3), Plaintiff would have to plead (i) who specifically removed the video, and (ii) that YouTube somehow knew that the CMI was removed by someone else.

Beyond that, courts in this district also require that "CMI be removed or altered from the body of or the actual work itself." *Mills v. Netflix, Inc.*, 2020 WL 548558, at *3 (C.D. Cal. Feb. 3, 2020). Removal of CMI from some surrounding context is not enough. *Mills* is instructive. There, the defendant released a documentary that included an unauthorized clip from the plaintiff's YouTube video. The plaintiff claimed that the defendant's failure to include the title that YouTube displayed with the plaintiff's video constituted improper removal of CMI under Section 1202(b). The court, however, dismissed the claim. The Court found that the title was not removed or altered from the video itself. Rather, it had been displayed on the website where the plaintiff's video could be accessed. The court concluded that the difference was dispositive: the plaintiff's CMI claim is "based on Defendant's alleged infringement of the YouTube Video itself, not the website where the video was posted." *Id.*

The same problem scuttles Plaintiff's claim here. The CMI here was not removed or altered from the sheet music for Plaintiff's composition or even from a sound recording embodying the composition. Rather, it was displayed "on websites and web services" where a sound recording embodying that composition was distributed—like Spotify. Complaint ¶ 36; *id.* at Ex. B. To the extent any CMI was present there, but was not present in the display of the video, that reflects a different context in which the sound recording/video is being performed. Information about the underlying composition was removed, if at all, from Spotify's website, and not from a copy of the musical work itself or even any sound recording. As in *Mills*, Plaintiff's CMI claim fails because it fails to show how CMI was removed from Plaintiff's work itself.

**C. Plaintiff Fails To Sufficiently Plead That YouTube Distributed The Allegedly Infringing Video With The Requisite Scienter.**

Section 1202(b) also requires scienter. To state a claim, a plaintiff must show that the defendant knew that CMI was altered or removed and that the removal would

"induce, enable, facilitate, or conceal an infringement." 17 U.S.C. § 1202(b). The Ninth Circuit has held that liability is limited "to instances in which the defendant knows or has a reasonable basis to know that the removal or alteration of CMI or the distribution of works with CMI removed *will* aid infringement." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 674-75 (9th Cir. 2018) (emphasis in original). Further, the plaintiff's factual allegations must show more than "the universal possibility of encouraging infringement; specific allegations as to how identifiable infringements 'will' be affected are necessary." *Stevens*, 899 F.3d at 674. The plaintiff "must make an *affirmative showing* . . . that the defendant was aware or had reasonable grounds to be aware of the probable future impact of his actions." *Id.* (emphasis added). Conclusory assertions that parrot the language of Section 1202(b) are insufficient. *Philpot v. Alternet Media, Inc.*, 2018 WL 6267876, at *5 (N.D. Cal. Nov. 30, 2018). The complaint must contain "specific allegations as to how identifiable infringements will be affected by Defendants' alleged removing or altering of CMI," specific allegations of "a pattern of conduct demonstrating Defendants knew or had reason to know their actions would cause future infringement," or specific "non-conclusory facts that Defendants intended to induce infringement by allegedly removing or altering any CMI." *Mills*, 2020 WL 548558, at *3; *see also Chevrestt v. Am. Media, Inc.*, 204 F. Supp. 3d 629, 632 (S.D.N.Y. 2016) (granting motion to dismiss when the plaintiff failed to allege "factual allegations supporting an inference that [the defendant's] CMI alteration or removal was done intentionally").

Plaintiff's allegations here do not come close to satisfying the pleading standard. He offers two boilerplate allegations of intent that merely repeat the language of § 1202(b). *See* Complaint ¶¶ 37-38. Plaintiff alleges (i) that Defendants "knowingly removed copyright management information with the intent to induce, enable, facilitate and/or conceal infringement of Plaintiff's copyright," *id.* ¶ 37, and (ii) that "Defendants" intentionally removed CMI and further distributed the work

"knowing or having reasonable grounds to know that such removal/alteration would induce, enable, facilitate or conceal infringement of copyrights." *Id.* ¶ 38. There are no specific allegations at all regarding YouTube's supposed knowledge that any alleged CMI removal will aid infringement. Without specific allegations, the Complaint cannot possibly satisfy the scienter requirement under Section 1202(b). This is a further reason to dismiss the claim.

## V. CONCLUSION

For all of these reasons, the Court should grant the motion to dismiss with respect to Plaintiff's claim for statutory damages, attorneys' fees and punitive damages as well as its Section 1202(b) claim under the DMCA. These claims fail as a matter of law. Because no amendment can cure these legal infirmities, YouTube respectfully requests that these claims be dismissed without leave to amend. This should leave a single remaining claim for actual damages and profits for copyright infringement, which can then be resolved expeditiously.

Dated: March 29, 2021

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Victor Jih*
Victor Jih
Counsel for Defendant YOUTUBE LLC