VICTOR JIH, State Bar No. 186515
vjih@wsgr.com
RUSSELL L. KOSTELAK, (*pro hac vice* forthcoming)
rkostelak@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071-2027
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

*Counsel for Defendant*
*YOUTUBE LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LAMONTE SIMS,

Plaintiff,

v.

AMAZON.COM, INC, et al.,

Defendants.

Case No. 2:20-cv-04389-FLA-AS

Hon. Fernando L. Aenlle-Rocha

**DEFENDANT YOUTUBE LLC'S REPLY BRIEF IN SUPPORT OF THE MOTION TO DISMISS**

Date: April 30, 2021
Time: 1:30 p.m.
Courtroom: 6B

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........ 1

II. THE COURT SHOULD DISMISS THE FIRST CLAIM FOR RELIEF TO THE EXTENT IT SEEKS STATUTORY DAMAGES, ATTORNEYS' FEES, AND PUNITIVE DAMAGES ........ 1

A. Plaintiff Fails To State A Claim For Punitive Damages........ 1

B. Plaintiff Fails To State A Valid Claim For Statutory Damages Or Attorneys' Fees In Light Of His Untimely Copyright Registration. ........ 2

III. THE COURT SHOULD DISMISS THE SECOND CLAIM BECAUSE PLAINTIFF FAILS TO STATE A VIOLATION OF SECTION 1202........ 4

A. Section 1202(b) Does Not Apply To Infringing Derivative Works. ........ 4

B. Plaintiff Has Not Sufficiently Pled Scienter. ........ 5

IV. CONCLUSION ........ 6

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Derek Andrew v. Poof Apparel Corp.*,
528 F.3d 696 (9th Cir. 2008) .......... 2, 3

*Dickert v. North Coast Family Health, Inc.*,
2015 WL 3988676 (D.N.H. June 10, 2015) .......... 2

*McGucken v. Chive Media Grp., LLC*,
2018 WL 5880751 (C.D. Cal. Nov. 8, 2018) .......... 2

*Mills v. Netflix, Inc.*,
2020 WL 548558 (C.D. Cal. Feb. 3, 2020) .......... 5

*Philpot v. Alternet Media, Inc.*,
2018 WL 6267876 (N.D. Cal. Nov. 30, 2018) .......... 5

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
802 F. Supp. 2d 1125 (C.D. Cal. 2011) .......... 4

*United States v. Great Northern Railway Co.*,
343 U.S. 562 (1952) .......... 3

*Wright v. Buzzfeed, Inc.*,
2018 WL 2670642 (C.D. Cal. June 4, 2018) .......... 3

## Statutes

17 U.S.C. § 412(2) .......... 2, 3

17 U.S.C. § 512(c)(1) .......... 3

17 U.S.C. § 512(l) .......... 4

17 U.S.C. § 1202(b) .......... 1, 4, 5, 6

## I. INTRODUCTION

YouTube's Motion to Dismiss identified two problems with Plaintiff's claims: (1) Plaintiff is not entitled to seek statutory damages, attorneys' fees, and punitive damages under the Copyright Act; and (2) Plaintiff cannot state a copyright management information ("CMI") violation of 17 U.S.C. § 1202(b) by repeating and recasting his allegations of copyright infringement.

The Opposition basically concedes that the claims fail as a matter of law in both respects. On the first issue, Plaintiff admits punitive damages are unavailable. He also recognizes there is no authority for his attempt to seek statutory damages and attorneys' fees. Instead, he urges the Court to create new law. But Plaintiff's entitlement (or lack thereof) is not an open issue. Under the controlling statute and an unbroken line of cases, statutory damages and fees are not available here given Plaintiff's belated copyright registration. Nothing about the Digital Millennium Copyright Act ("DMCA"), a potential defense which may not even play a role in this case, changes that in the least.

On the second issue, Plaintiff at least touches on the element of scienter, but ignores the other threshold elements of a CMI claim. Plaintiff never disputes (nor could he) that Section 1202 does not apply to derivative works and requires allegations that CMI was actually removed from the original work. Plaintiff's claim fails for want of those allegations and for failure to adequately plead scienter, as well.

For these reasons, the Court should grant the motion.

## II. THE COURT SHOULD DISMISS THE FIRST CLAIM FOR RELIEF TO THE EXTENT IT SEEKS STATUTORY DAMAGES, ATTORNEYS' FEES, AND PUNITIVE DAMAGES.

### A. Plaintiff Fails To State A Claim For Punitive Damages.

Plaintiff concedes that he is not entitled to punitive or exemplary damages. Opposition to Defendant YouTube's Motion to Dismiss ("Opp. Br." or

"Opposition") (Dkt. No. 32) at 7. The Court should therefore dismiss Plaintiff's prayer for punitive damages. *See* Complaint at 9.

**B. Plaintiff Fails To State A Valid Claim For Statutory Damages Or Attorneys' Fees In Light Of His Untimely Copyright Registration.**

There is no dispute that the infringement Plaintiff alleges in this case commenced years before Plaintiff secured registration for his copyrighted work. The Opposition readily concedes this. *See, e.g.*, Opp. Br. at 6 (conceding that "infringement occurred prior to the registration date"). Under settled and controlling law, the Court should therefore dismiss the claims for statutory damages and attorneys' fees. *See* 17 U.S.C. § 412(2); *Derek Andrew v. Poof Apparel Corp.,* 528 F.3d 696, 700-01 (9th Cir. 2008).

Plaintiff urges the Court to treat this as a "case of first impression" and to create an exception to the bar on such recoveries "where a defendant fails to promptly remove infringing material upon notice of that infringement." Opp. Br. at 5-6. Plaintiff admits there is no law to support this. *Id.* at 6 (acknowledging "there has been no case law" to support the argument Plaintiff is making). Plaintiff's invitation should be rejected.

First, the issue Plaintiff claims is one of first impression is not. Courts have routinely held that a copyright owner who fails to register before infringement commences is not entitled to statutory damages or attorneys' fees, and that an alleged failure to comply with a DMCA takedown notice does not change this rule. *See, e.g.*, *Dickert v. N. Coast Family Health, Inc.,* 2015 WL 3988676, at *2, 4-5 (D.N.H. June 10, 2015) (defendant's refusal to comply with DMCA takedown notices does not alter Section 412 rule that late copyright registration means copyright owner cannot seek statutory damages or an award of attorneys' fees); *McGucken v. Chive Media Grp., LLC,* 2018 WL 5880751, at *2-5 (C.D. Cal. Nov. 8, 2018) (dismissing defendant's prayer for statutory damages and attorneys' fees because of untimely

registration, despite cause of action alleging violations of the DMCA); *Wright v. Buzzfeed, Inc.,* 2018 WL 2670642, at *3-4 (C.D. Cal. June 4, 2018) (same).

Second, Plaintiff's novel suggestion cannot be reconciled with the language of the Copyright Act. Plaintiff protests that the existence of "statutory damages in this case should not hinge on the fact that infringement commenced prior to registration[,] but on the fact that Defendant failed to comply with 17 U.S.C. § 512(c)(1) by not removing" allegedly infringing material pursuant to a DMCA takedown request. Opp. Br. at 7. That confuses two distinct issues: (1) whether there may be liability for infringement based on a failure to remove content following notice; and (2) what the available remedies are in the event such infringement is shown. Section 412 speaks to the latter and says, without any regard for how infringement arose: "[N]o award of statutory damages or of attorney's fees . . . shall be made for . . . any infringement of copyright commenced . . . before the effective date of its registration." 17 U.S.C. § 412(2).[1] This language leaves "no room for discretion" by the courts, much less for Plaintiff's suggested revision of the statute. *See Derek Andrews, Inc.,* 528 F.3d at 699; *see also United States v. Great Northern Railway Co.*, 343 U.S. 562, 575 (1952) ("It is our judicial function to apply statutes on the basis of what Congress has written, not what Congress might have written.").

The purpose of Section 512 is to provide legal protections for online service providers in certain instances if third-party users engage in copyright infringement. If an online service provider fails to meet the requirements of Section 512, then the provider is not entitled to claim the protections against infringement claims that the DMCA affords. That is the extent of Section 512's reach. Indeed, the DMCA is rather explicit on this point, stating: "The failure of a service provider's conduct to

[1] Plaintiff imagines some connection between Section 412 (registration and remedies) and Section 512 (the DMCA safe harbors). But there is no basis for that. Nothing in the Copyright Act suggests that Section 512 has anything to do with the availability of statutory damages or the application of Section 412. Indeed, Section 512 makes no reference whatsoever to Section 412 or statutory damages and attorneys' fees.

qualify for limitation of liability under this section shall not bear adversely upon the consideration of . . . any other defense." 17 U.S.C. § 512(l). Regardless, a copyright plaintiff who fails to timely register its work does not and should not suddenly regain entitlement to statutory damages and attorneys' fees simply because a defendant may not qualify for safe harbor protections. That would undermine Section 412's purpose of inducing creators to register.

In short, long-standing, controlling law bars Plaintiff's claim for statutory damages and attorneys' fees. Given the language of the statute and existing precedent, this Court should not entertain Plaintiff's invitation to ignore that law. The Court should dismiss Plaintiff's prayer for statutory damages and attorneys' fees.

## III. THE COURT SHOULD DISMISS THE SECOND CLAIM BECAUSE PLAINTIFF FAILS TO STATE A VIOLATION OF SECTION 1202.

### A. Section 1202(b) Does Not Apply To Infringing Derivative Works.

Plaintiff does nothing in his Opposition to address YouTube's threshold arguments concerning 17 U.S.C. § 1202(b). Section 1202(b) is triggered when someone removes or alters CMI from an *original* work, and that work is distributed illicitly without that information. But as YouTube explained in its motion, it does not apply to the creation of a derivative work. Defendant YouTube LLC's Motion to Dismiss ("MTD Br.") (Dkt. No. 30) at 8-9. That is what is involved here. The video in question is a derivative of Plaintiff's musical composition, not the composition itself.

Perhaps more fundamentally, Section 1202(b) requires pleading and proof that CMI was actually removed from the work itself. *Id.* at 9-10. That is simply not present here. There is no allegation that YouTube removed CMI from Plaintiff's composition (or for that matter, from the video). All Plaintiff alleges is that the video does not have CMI associated with it. That, again, is not enough.

Plaintiff's Opposition does not even mention either of these fatal deficiencies. By failing to address these arguments, Plaintiff concedes them. *See Stichting*

*Pensioenfonds ABP v. Countrywide Fin. Corp.,* 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue."). The Court can grant the Motion to Dismiss as to the Complaint's CMI cause of action on this basis alone.

**B. Plaintiff Has Not Sufficiently Pled Scienter.**

Section 1202(b) also requires specific allegations of scienter to proceed past the pleading stage. MTD Br. at 10-12. Plaintiff argues that his takedown request for the video imbued YouTube with sufficient scienter for purposes of the separate CMI claim. Opp. Br. at 8 ("Once Plaintiff notified Defendant of the infringing activity and Plaintiff was the true author of the Work that was being distributed on YouTube channels, scienter was established.").

But Plaintiff argues a non-sequitur. What matters for purposes of Section 1202(b) is not a defendant's knowledge of some potential infringement. Rather, a plaintiff must show that the defendant removed CMI, or distributed a work knowing CMI had been removed from it, with knowledge that the absence of CMI would foment infringement. 17 U.S.C. § 1202(b). The cases cited in YouTube's opening brief —all of which go unrebutted—emphasize that a plaintiff must specifically allege, through an affirmative showing of the defendant's "pattern of conduct" or "modus operandi," that the defendant knew or had reasonable grounds to know removing or altering CMI would lead to *future* infringement. *See, e.g.*, *Mills v. Netflix, Inc.,* 2020 WL 548558, at *3 (C.D. Cal. Feb. 3, 2020); *Philpot v. Alternet Media, Inc.,* 2018 WL 6267876, at *5 (N.D. Cal. Nov. 30, 2018). Plaintiff has not offered anything like that here. Nor could he. His conclusory recitations parroting the language of the statute do nothing to advance his cause. *See Philpot,* 2018 WL 6267876, at *5. For this reason as well, Plaintiff's Section 1202(b) claim fails as a matter of law.

## IV. CONCLUSION

For all of these reasons, the Court should grant the motion to dismiss Plaintiff's claims for statutory damages, attorneys' fees, and punitive damages, as well as the Section 1202(b) claim under the DMCA. This should leave a single remaining claim for what appears to be modest actual damages for alleged copyright infringement, a claim that should be resolved without further proceedings.

Dated: April 16, 2021

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Victor Jih*
Victor Jih

Counsel for Defendant YOUTUBE LLC