1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   LAMONTE SIMS,                              Case No. 2:20-cv-04389-FLA (ASx)

12                          Plaintiff,          **ORDER GRANTING IN PART AND**

13          v.                                  **DENYING IN PART DEFENDANT'S**
                                                **MOTION TO DISMISS [DKT. 30]**
14

15   AMAZON.COM, INC., et al.,

16                          Defendants.

17

18

19                             <u>**RULING**</u>

20          Before the court is Defendant YouTube LLC's ("Defendant" or "YouTube")

21   Motion to Dismiss ("Motion").  Dkt. 30 ("Mot.").[1]  Plaintiff LaMonte Sims

22   ("Plaintiff" or "Sims") filed his opposition on April 9, 2021.  Dkt. 32 ("Opp.").

23   / / /

24   _____

25   [1] On September 25, 2020, the court dismissed this action for lack of prosecution.  Dkt.
     15.  On November 19, 2020, the court granted Plaintiff's motion to set aside the
26   dismissal and to reinstate the case.  Dkts. 17, 19.  On February 4, 2021 and March 1,
     2021, the court further granted the parties' joint stipulations extending YouTube's
27   time to respond to the Complaint.  Dkts. 25, 29.  YouTube filed the subject Motion
     timely on March 29, 2021.  Dkt. 30.
28

                                    1

1   Defendant filed its reply on April 16, 2021.[2]  On April 23, 2021, the court found this

2   matter appropriate for resolution without oral argument and vacated the hearing set for

3   April 30, 2021.  Dkt. 34; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.[3]

4        For the reasons set forth below, the court GRANTS Defendant's Motion in part

5   as follows: (1) with respect to the first cause of action, the court DISMISSES with

6   prejudice Plaintiff's requests for statutory damages under 17 U.S.C. § 504(c),

7   attorney's fees under 17 U.S.C. § 505, and punitive damages; and (2) with respect to

8   the second cause of action, the court DISMISSES Plaintiff's claim for violation of 17

9   U.S.C. § 1202(b)(1) with 30 days' leave to amend.[4]  The Motion is otherwise

10  DENIED.

11  **<u>BACKGROUND</u>**

12       Plaintiff Lamonte Sims, also known as "Duse M$," filed this action on May 14,

13  2020, alleging causes of action for copyright infringement and removal or alteration of

14  copyright management information ("CMI")[5] against Defendant YouTube.  *See*

15

16  _____

17  [2] The Notice of Motion states the Motion was brought following numerous
    conferences of counsel pursuant to Local Rule 7-3.  Mot. 5.  Plaintiff notes that

18  Defendant's meet and confer with Plaintiff did not include any discussion regarding

19  punitive damages or the second cause of action.  Opp. 5.  YouTube does not dispute
    Plaintiff's statement in its reply.  The court, therefore, admonishes Defendant that it

20  expects the parties to comply fully with all statutory requirements and court rules, and
    that failure to meet and confer fully and in good faith prior to the filing of a motion

21  may result in denial of any portions of the motion not discussed by the parties.  *See*

22  Local Rules 7-3, 7-4.  Nevertheless, as the parties have fully briefed the issues in the
    subject Motion and Plaintiff does not request the court disregard certain arguments,

23  the court will exercise its discretion to consider the parties' arguments in full.

24  [3] The court cites the page numbers added by the court's CM/ECF system instead of

25  the internal page numbers of the documents.

26  [4] All subsequent statutory references will be to Title 17 of the United States Code
    unless otherwise specified.

27
    [5] The term CMI is defined below in connection with the court's discussion of the
28  parties' arguments regarding the second cause of action.

*generally* Dkt. 1 ("Compl.").[6]  Plaintiff alleges he wrote and authored the song "Hit Yo Brimin" (the "Work") in or about 2012 and that he released the Work on various "websites and web services, including http://www.spotify.com/ ("Spotify.com")," on unstated dates.  Compl. ¶¶ 9-10, 36.  According to Plaintiff, the Work was displayed with his "name or other identifying information … in the traditional way that authors sign their works," which he contends constitutes CMI under 17 U.S.C. § 1202(c)(2)-(3).  *Id.* ¶ 36 & Ex. B.  Sims obtained copyright registration for the Work on September 9, 2016.  *Id*. ¶ 12 & Ex. A.

In or around 2018, Sims allegedly contacted Defendant regarding YouTube's unauthorized use of the Work, after he discovered it was being distributed and duplicated without his consent.  Compl. ¶ 13.  According to Plaintiff, "[t]he Work was published in the form of a video on or about January 26, 2013, on the website, YouTube.com."[7]  *Id.* ¶ 11.  Plaintiff further claims Defendant modified the Work by

---

[6] While Plaintiff also named Defendants Amazon.com, Inc., Soundcloud, Inc., and Does 1 through 50 in the Complaint, Plaintiff did not move to set aside the dismissal as to these Defendants when he so moved with respect to YouTube.  Dkt. 19.  On December 2, 2020, Plaintiff voluntarily dismissed Amazon.com, Inc. and Soundcloud, Inc. from the action.  Dkt. 20.  Thus, YouTube is the only remaining named Defendant in the action.

[7] It is unclear, on the face of the Complaint, whether Plaintiff alleges (1) he published the Work on YouTube.com on or about January 26, 2013, and an infringing copy of the Work was uploaded to YouTube.com on a different, unspecified date, or (2) the January 26, 2013 video constituted the unauthorized use of the Work that is the subject of his claims.  *See* Compl. ¶ 11.  The Certificate of Registration (Dkt. 1-1, Compl. Ex. A) lists January 26, 2013, as the date of first publication, which suggests Plaintiff published the video on that date.  *See* 17 U.S.C. § 101 ("'Publication' is the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending.").  However, Defendant's Motion identifies the January 26, 2013 video as the allegedly infringing video that is the subject of Plaintiff's claims (Dkt. 30 at 6-7), and Plaintiff does not dispute this assertion (*see* Dkt. 32 at 5-6).  Moreover, Plaintiff alleges he "has never authorized any of the Defendants, by license or otherwise, to copy, reproduce, distribute, or

intentionally removing his name and identifying information. Compl. ¶¶ 38–39. After discovering the video, Plaintiff allegedly requested YouTube remove the video from the site, but YouTube "not only failed to remove their infringing material from their page, but ignored Plaintiff completely, failing to even offer him attribution or credit." Compl. ¶¶ 13, 15.

Sims prays for relief including:

1. Actual damages and disgorgement of profits pursuant to §§ 504(a)(1), (b), and 1203(c)(2) or, in the alternative, statutory damages pursuant to § 504(c)(2);

2. Punitive and exemplary damages;

3. Costs, interest, and attorney's fees under §§ 504(a)(1) & (b), 505, and 1203(b)(4) & (5);

4. An order of impoundment of all infringing copies of the Work; and

5. Preliminary and permanent injunctive relief.

Compl. at 7-8 (Prayer ¶¶ 4-9).

## DISCUSSION

### I.   Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a party may file a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." The purpose of Rule 12(b)(6) is to enable defendants to challenge the legal sufficiency of the claims asserted in the complaint. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729,

---

display any of the copyrighted material from the Work, nor to prepare derivative works based on the work." Compl. ¶ 20. Plaintiff also concedes that "infringement occurred prior to the registration date…." Opp. 10. Thus, for purposes of the subject Motion, the court finds the Complaint alleges that an unauthorized and infringing video was uploaded to YouTube.com on January 26, 2013. *See* Compl. ¶ 11. If Plaintiff intended to plead that he was the individual who uploaded this video, he may clarify this point by stipulation or in an amended complaint. This finding does not affect the court's analysis below.

4

1  738 (9th Cir. 1987).  A district court properly dismisses a claim under Rule 12(b)(6) if
2  the complaint fails to allege sufficient facts "to support a cognizable legal theory."
3  *Caltex Plastics, Inc. v. Lockheed Martin Corp*, 824 F.3d 1156, 1159 (9th Cir. 2016).
4  "To survive a motion to dismiss, a complaint must contain sufficient factual matter …
5  to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S.
6  662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

7       "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not
8  need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of
9  his 'entitlement to relief' requires more than labels and conclusions, and a formulaic
10  recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555
11  (internal citations omitted).  "Factual allegations must be enough to raise a right to
12  relief above the speculative level on the assumption that all of the complaint's
13  allegations are true."  *Id.* (internal citations omitted).  "Determining whether a
14  complaint states a plausible claim for relief is 'a context-specific task that requires the
15  reviewing court to draw on its judicial experience and common sense.'"  *Ebner v.*
16  *Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

17       When evaluating a complaint under Rule 12(b)(6), the court "must accept all
18  well-pleaded material facts as true and draw all reasonable inferences in favor of the
19  plaintiff."  *Caltex*, 824 F.3d at 1159; *Manzarek v. St. Paul Fire & Marine Ins. Co.*,
20  519 F.3d 1025, 1031 (9th Cir. 2008) ("We accept factual allegations in the complaint
21  as true and construe the pleadings in the light most favorable to the nonmoving
22  party.").  Legal conclusions, however, "are not entitled to the assumption of truth" and
23  "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.

## II.  Analysis

### A.  Plaintiff's Claims for Statutory Damages under § 504(c) and Attorney's Fees under § 505

With respect to the first cause of action, YouTube moves to dismiss Plaintiff's
requests for statutory damages under § 504(c) and attorney's fees under § 505.  Mot.

5.  YouTube does not challenge Plaintiff's requests for actual damages and disgorgement of profits, an order of impoundment, injunctive relief, or costs under § 505.  *See generally* Mot.

Section 412 of the Copyright Act establishes registration of a copyright as a prerequisite to certain remedies for infringement.  The statute provides, in relevant part:

> [N]o award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for—
>
> (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412.  This statutory bar "leaves no room for discretion…."  *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir. 2008).  Instead, "Section 412(2) mandates that, in order to recover statutory damages, the copyright work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work." *Id*.

YouTube argues Plaintiff cannot seek statutory damages or attorney's fees under the Copyright Act because the Complaint pleads that Plaintiff did not register his copyright until September 9, 2016, which was more than three years after the allegedly infringing video was uploaded to YouTube.com on January 26, 2013.  Mot. 6 (citing Compl. ¶¶ 11, 13).  Plaintiff concedes "infringement occurred prior to the registration date…."  Opp. 10.

Because Plaintiff's Certificate of Registration makes clear that he did not register the Work within three months after its first publication on January 26, 2013, Dkt. 1-1 (Compl. Ex. A), statutory damages and attorney's fees are unavailable to Sims as a matter of law.  *See* 17 U.S.C. § 412; *Derek Andrew*,

6

528 F.3d at 699.  The court, therefore, GRANTS the Motion with respect to these claims.

Plaintiff argues § 412 should apply differently here because his copyright claim is accompanied by allegations of a violation of the Digital Millennium Copyright Act ("DMCA").  Opp. 9-11.  According to Plaintiff, courts have not considered how a defendant's failure to respond to a takedown notice pursuant to § 512(c)(3) impacts remedies under § 412(2).  The court disagrees.

Section 512 establishes a limitation on a service provider's liability "for infringement of copyright by reason of the provider's transmitting, routing, or providing connections for, material through a system or network controlled or operated by or for the service provider, or by reason of the intermediate and transient storage of that material in the course of such transmitting, routing, or providing connections…."  17 U.S.C. § 512(a).  Section 512(c) does not establish an independent basis for statutory damages or other remedies.  *See id.* § 512.  In fact, § 512(*l*) states explicitly that "[t]he failure of a service provider's conduct to qualify for limitation of liability under this section shall not bear adversely upon the consideration of a defense by the service provider that the service provider's conduct is not infringing under this title or any other defense."  17 U.S.C. § 512(*l*).

This point is further illustrated by the text of § 512(c)(1), which states "[a] service provider shall not be liable for monetary relief … for infringement of copyright by storage at the direction of a user" of specified material, if certain conditions are met.  Accordingly, this section only becomes relevant with respect to a plaintiff's request for statutory damages for copyright infringement if the service provider may be potentially liable for such damages.  *See id.*  Section 412, in turn, establishes an absolute bar to recovery of statutory damages where it applies.  *See id*. § 412; *Derek Andrew*, 528 F.3d at 699.  Therefore, where a plaintiff is already prohibited from recovering statutory

1  damages under § 412, § 512(c) does not come into play. *See Derek Andrew*,

2  528 F.3d at 700-01.[8]  Plaintiff's argument, thus, fails.

3      Furthermore, Sims cannot save his requests for statutory damages and

4  attorney's fees by alleging continuing infringement or repeated violations. *See*

5  Opp. 6; Compl. ¶¶ 22–23.   For purposes of § 412, infringement commences

6  when the first act in a series of acts constituting continuing infringement occurs.

7  *Derek Andrew*, 528 F.3d at 700–01; *see also Por Los Rios, Inc.*, Case No. 2:13-

8  cv-07640-CBM (PLAx), 2014 WL 12605374 at *3 (C.D. Cal. May 21, 2014)

9  ("If the 'infringement on which the suit is based commenced prior to

10  registration, enhanced damages are barred even if the infringement continues

11  past the date of registration.'").

12      In sum, as Plaintiff's Certificate of Registration clearly states he waited

13  over three years from the date of first publication to register his copyright and

14  Plaintiff concedes the infringement occurred prior to the registration date, the

15  court GRANTS the Motion with respect to Sims's requests for statutory

16  damages under § 504(c) and attorney's fees under § 505 with prejudice. *See*

17  *Derek Andrew*, 528 F.3d at 700; *see also Smith v. Weeknd*, 2019 WL 6998666,

18  at *7 (C.D. Cal. Aug. 23, 2019) (dismissing without leave to amend under Rule

19  12(b)(6) a copyright infringement claim, to the extent plaintiff sought statutory

20

21  _____

22  [8] As Sims states correctly, Section 412 was meant to "prompt" creators to
register copyrights. *See Derek Andrew*, 528 F.3d at 700 (explaining Congress

23  enacted Section 412 for two fundamental purposes: (1) to provide copyright
owners with an incentive to register their copyrights promptly; and (2) to

24  encourage potential infringers to check the Copyright Office's database).  If the
incentive structure of § 412 is to be properly applied, Plaintiff, having waited

25  over three years from the date of first publication to register his copyright,
should not receive the reward of statutory damages. *See id.* at 701-02 (holding

26  plaintiff was barred from recovering statutory damages under § 504(c) and

27  attorney's fees under § 505 where it waited nearly two years from the date of
first publication to register its copyright).

28

damages and attorney's fees when plaintiff did not timely register copyright under § 412).

### B.    Plaintiff's Claims for Punitive and Exemplary Damages

Second, Defendant contends Plaintiff cannot recover punitive or exemplary damages because they are not available for copyright infringement. Mot. 11.  The Copyright Act sets forth the types of available remedies to a copyright owner for infringement, which do not include punitive or exemplary damages.  *See* 17 U.S.C. § 502.  Plaintiff does not oppose the dismissal of his request for punitive or exemplary damages.  Opp. 11.

The court, therefore, GRANTS this portion of the Motion and DISMISSES Plaintiff's punitive and exemplary damages claim with prejudice. *See Miss Global Org. v. Mak*, Case No. 8:17-cv-02223-DOC (KESx), 2018 WL 6133667, at *8 (C.D. Cal. Oct. 1, 2018) (dismissing with prejudice plaintiff's request for punitive damages with respect to a copyright claim).

### C.    Plaintiff's Second Cause of Action for Violation of the DMCA

Plaintiff's second cause of action alleges Defendant intentionally modified the Work to remove Plaintiff's name or other CMI from the Work and distributed a copy of the modified version of the Work publicly, in violation of § 1202(b) of the DMCA. Compl. ¶¶ 35-39.  This section states:

> No person shall, without the authority of the copyright owner or the law—
>
> (1) intentionally remove or alter any copyright management information,
>
> (2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or
>
> (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law,

1
2

knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

3

17 U.S.C. § 1202(b).

4

The DMCA defines CMI in relevant part as:

5
6

[A]ny of the following information conveyed in connection with copies ... of a work ..., including in digital form ...:

7

(1) The title and other information identifying the work, including the information set forth on a notice of copyright.

8
9

(2) The name of, and other identifying information about, the author of a work.

10
11

(3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright. …

12

*Id.* § 1202(c).

13

Defendant moves to dismiss Plaintiff's second cause of action for violation of

14

§ 1202(b) on five primary grounds.  Mot. 12-17.  Defendant does not specifically

15

raise any arguments regarding § 1202(b)(2) or Plaintiff's request for costs and

16

attorney's fees under § 1203(b)(4) and (5).  *See* Compl. ¶¶ 37-38, 41.

17

First, Defendant contends the second cause of action fails because § 1202(b)

18

does not apply to the unauthorized creation and distribution of derivative works.  *Id.* at

19

13-14 (citing *Kirk Kara Corp. v. W. Stone and Metal Grp.*, Case No. 2:20-cv-01931-

20

DMG (Ex), 2020 WL 5991503, at *6 (C.D. Cal. Aug. 14, 2020)).  According to

21

YouTube, Plaintiff concedes the allegedly infringing work is "an unlawful derivative

22

of the Work."  Mot. 14 (citing Compl. ¶ 38).

23

The second cause of action states, in relevant part:

24
25
26
27

36. Plaintiff displayed his name or other identifying information on his Work on websites and web services, including http://www.spotify.com/, as shown in the attached Exhibit B.  Plaintiff therefore publicly identified himself as the rightful author and copyright owner of the Work, in the traditional way that authors sign their works. This signature and other identifying information present constitutes

28

1

[sic] "copyright management information" as defined under, inter alia, 17 U.S.C. §§ 1202(c)(2) & (3).

2

3

37. Defendants removed Plaintiff's name or other identifying information on the Work, and, as such, knowingly removed copyright management information with the intent to induce, enable, facilitate and/or conceal infringement of Plaintiff's copyright in violation of 17 U.S.C. §§ 1202(b)(1) & (2).

4

5

6

38. Defendants' intentionally modified the Work and, in unlawfully using an unlawful derivative of the Work, intentionally removed Plaintiff's name or other identifying information in the rendition of the Work and then distributed publicly a copy of the Work that lacked Plaintiff's name or identifying information, knowing that standard copyright information of the author as depicted in the Work had been removed in the unlawful derivative version of the Work and knowing or having reasonable grounds to know that such removal/alteration would induce, enable, facilitate or conceal infringement of copyrights, in violation of 17 U.S.C. §§ 1202(b)(1)-(3).

7

8

9

10

11

12

13

Compl. ¶¶ 36-38.

14

Viewed in the light most favorable to Plaintiff, the Complaint pleads that

15

YouTube violated § 1202(b) by copying, reproducing, duplicating, and/or distributing

16

a version of the Work that was modified only to omit his name or other CMI. *See id.*

17

While the Complaint states that the allegedly infringing videos were unlawful

18

derivatives of the Work, *id.* ¶ 38, Plaintiff does not plead any facts to suggest that the

19

allegedly infringing videos varied from the Work in any way beyond the removal of

20

CMI, or were otherwise not identical to the Work. *See generally* Compl. Thus,

21

Defendant's cited cases are distinguishable, and the court will not grant the Motion on

22

this basis. *See* Mot. 13-14 (citing cases involving similar but not identical works).

23

Second, Defendant contends Plaintiff's § 1202(b)(1) claim (for intentionally

24

removing or altering CMI) fails because Plaintiff does not name or specifically

25

identify the individual responsible for the alleged removal and because YouTube can

26

only be liable for removals it effectuated itself. Mot. 14. Plaintiff does not respond to

27

this specific argument in its opposition and argues only that the second cause of action

28

1    is adequately pleaded because YouTube failed to take down at least one video and

2    failed to attribute Plaintiff as the author of the Work on some pages.  Opp. 12.

3        To establish a claim under § 1202(b)(1), a plaintiff must plausibly allege:

4    (1) the existence of CMI on the infringed work, (2) removal and/or alteration of that

5    information, and (3) that the removal and/or alteration was done intentionally.  17

6    U.S.C. § 1202(b)(1); *see also Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180,

7    1187 (9th Cir. 2016) (recognizing § 1202(b)(1) prohibits a defendant's removal or

8    alteration of CMI).

9        The Complaint accuses "Defendants" of intentionally modifying the Work and

10   removing CMI from the Work.  Compl. ¶¶ 4-7, 18, 36-38.  The use of the term

11   "Defendants" also includes dismissed Defendants and Doe Defendants, and it is

12   unclear from the Complaint whether Sims alleges YouTube itself performed the

13   modification or removal.  *See id.*  Plaintiff's failure to address this point in his

14   opposition suggests that he does not.  *See* Opp. 12.  Accordingly, the court GRANTS

15   Defendant's Motion as to Plaintiff's claims under § 1202(b)(1), with 30 days' leave to

16   amend, to allow Plaintiff the opportunity to plead specific facts regarding YouTube's

17   removal or alteration of CMI.

18       Third, Defendant contends Plaintiff's claim for violation of § 1202(b)(3) (for

19   distribution of a work knowing that CMI had been removed or altered) fails because

20   "Plaintiff would have to plead (i) who specifically removed the video, and (ii) that

21   YouTube somehow knew that the CMI was removed by someone else."  Mot. 14 n.1.

22   Defendant does not cite any legal authority to support its argument that Plaintiff must

23   specifically identify the individual who removed CMI from a work to state a

24   § 1202(b)(3) claim.  *See id.*  Unlike a claim under 1202(b)(1), Plaintiff can prevail

25   under § 1202(b)(3) upon a showing that Defendant distributed the Work with the

26   knowledge that CMI had been removed, even if YouTube did not remove the CMI.

27   *See Friedman*, 833 F.3d at 1187.  As the moving party, Defendant bears the initial

28   burden to demonstrate Plaintiff fails to plead sufficient facts to state his claim.  *See*

Local Rules 7-4, 7-5(a) (the moving papers must include "the points and authorities upon which the moving party will rely").   YouTube does not meet its burden.

Furthermore, the Complaint alleges Plaintiff contacted Defendant in or about 2018 regarding its unauthorized use of the Work, after he discovered it was being distributed and duplicated without his consent.  Compl. ¶ 13.  According to Plaintiff, Defendant ignored his request and failed to remove the infringing material from its website as of the filing of the Complaint on May 14, 2020.  *Id.* ¶¶ 15-16.  Viewing the allegations of the Complaint liberally and in context, Plaintiff pleads Defendant continued to distribute and/or publicly display the modified Work for more than one year after being informed by Plaintiff that it was an infringing work, and while knowing that Plaintiff's CMI had been removed or altered without his consent.  *See id.* ¶¶ 13, 15-16, 36-38.  On the subject Motion, these factual allegations are sufficient to state a claim against YouTube under § 1202(b)(3).  *See Friedman*, 833 F.3d at 1187.  The court, therefore, will not grant the Motion on this basis.

Fourth, Defendant cites *Mills v. Netflix, Inc.*, Case No. 2:19-cv-07618-CBM (AGRx), 2020 WL 548558, at *3 (C.D. Cal. Feb. 3, 2020), to argue that courts in this district require "CMI be removed or altered from the body of or the actual work itself."  *Mills*, a district court ruling, is not binding authority.  In addition, the Ninth Circuit recognized in *Friedman*, 833 F.3d at 1183-84, 1187-88, that a plaintiff could prevail under § 1202(b)(3) upon a showing that the defendant distributed his copyrighted photographs with the knowledge that accompanying CMI had been removed, where the CMI did not appear on the photographs themselves.[9]

---

[9] *Mills*, 2020 WL 548558, at *3 n.3, relied on another district court ruling, *Kelly v. Arriba Soft Corp.*, 77 F. Supp. 2d 1116, 1122 (C.D. Cal. 1999), for the stated proposition.  *Kelly*, 77 F. Supp. 2d at 1121-22, arose on summary judgment and involved consideration of whether a defendant could be held liable under § 1202(b)(3) because its visual search engine made copies of the plaintiff's images available to users in thumbnail form without the corresponding CMI.  The district court, there,

1   In that case, the plaintiff had published copyrighted photographs in a book and

2   granted a license to a third party to reproduce certain photographs on a website,

3   accompanied by information indicating the plaintiff owned copyrights on the

4   photographs. *Id.* at 1183-84.  The defendant produced "Style Guides," which were

5   collections of images, and a wall calendar that included the plaintiff's images from the

6   book and website without the CMI that had accompanied the earlier versions. *Id.*  The

7   Ninth Circuit reversed the trial court's grant of summary judgment in the defendant's

8   favor on the grounds that a triable issue existed on the plaintiff's § 1202(b)(3) claim,

9   as to whether the defendant distributed the plaintiff's photographs knowing that the

10  accompanying CMI had been removed. *Id.* at 1187-89.  *Friedman*, thus, establishes

11  that § 1202(b)(3) prohibits the removal or alteration of CMI that accompanies a

12  copyrighted work, even if the CMI is not present on the work itself. *See id.* at 1188-

13  89.  The court, therefore, will not grant the Motion on this basis.

14      Fifth, Defendant contends the second cause of action is deficient because

15  Plaintiff fails to plead that it distributed the allegedly infringing video with the

16  requisite scienter.  Mot. 15.  YouTube cites *Stevens v. Corelogic, Inc.*, 899 F.3d 666,

17  674-75 (9th Cir. 2018), to argue that the Ninth Circuit has held that liability under

18  § 1202(b) is limited "to instances in which the defendant knows or has a reasonable

19  basis to know that … the distribution of works with CMI removed will aid

20  infringement."  Mot. 16 (emphasis in original).  As *Stevens* arose on appeal from a

21  motion for summary judgment, the standard of review differs from that applied at the

22  pleading stage.  Here, Plaintiff need only plead sufficient facts on the subject Motion.

23  / / /

---

25  held that the defendant was entitled to summary judgment because it did not have

26  "reasonable grounds to know" it would cause its users to infringe the plaintiff's

27  copyrights. *Id.* at 1122.  *Kelly* did not hold, as a matter of law, that a § 1202(b)(3)

28  claim requires CMI to appear in the body of the work. *See id.*  Furthermore, *Kelly*
    predates *Friedman* and, to the extent it conflicts with *Friedman*, is no longer good
    law.

14

As stated, the Complaint alleges an unauthorized version of the Work was published on YouTube.com, with the CMI removed.  Compl. ¶¶ 11, 36-38.  Plaintiff further alleges he contacted Defendant in 2018 regarding the unauthorized use of the Work after he discovered the Work was being distributed and duplicated without his consent, and that Defendant ignored his request and failed to remove the infringing material or provide attribution or credit for over one year, until Plaintiff filed the Complaint on May 14, 2020.  *Id*. ¶¶ 13, 15.  At this stage of the action, these allegations are sufficient for Plaintiff to plead that Defendant allowed the Work to continue to be distributed through YouTube.com, while knowing that CMI had been removed or altered without Plaintiff's authority.  Defendant's argument, thus, fails.

In sum, the court GRANTS the Motion with respect to Plaintiff's claim for violation of § 1202(b)(1) with 30 days' leave to amend, and DENIES the Motion with respect to Plaintiff's claim for violation of § 1202(b)(3).

### <u>CONCLUSION</u>

For the foregoing reasons, the court GRANTS Defendant's Motion in part as follows: (1) with respect to the first cause of action, the court DISMISSES with prejudice Plaintiff's requests for statutory damages under 17 U.S.C. § 504(c), attorney's fees under 17 U.S.C. § 505, and punitive damages; and (2) with respect to the second cause of action, the court DISMISSES Plaintiff's claim for violation of 17 U.S.C. § 1202(b)(1) with 30 days' leave to amend.  The Motion is otherwise DENIED.

IT IS SO ORDERED.

Dated: January 27, 2022

FERNANDO L. AENLLE-ROCHA
United States District Judge